BUCHANAN INGERSOLL & ROONEY PC
A Pennsylvania Corporation
550 Broad Street, Suite 810
Newark, New Jersey 07102
(973) 273-9800

Attorneys for Defendant Continental Airlines, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LESLEY KUZMA, | : | |
| | : | |
| Plaintiff, | : | Civ. Action No.: _____ |
| | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | |
| CONTINENTAL AIRLINES, INC. and | : | |
| WILLIAM GORDON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

To:    Clerk's Office
       United States District Court
       District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street, Room 4015
       Newark, New Jersey 07101

PLEASE TAKE NOTICE THAT defendant Continental Airlines, Inc. ("Continental") is

hereby removing the above-styled action, filed on or about August 23, 2010 in the Superior

Court of New Jersey, Law Division, Union County, bearing Docket No. UNN-L-3319-10, to this

Court pursuant to 28 U.S.C. § 1332(a). In support of this Notice, Continental says:

1.    On or about August 23, 2010, plaintiff filed her Complaint in the Superior Court

of New Jersey, Law Division, Union County, naming Continental and William Gordon as

defendants. Pursuant to 28 U.S.C. § 1446, true and correct copies of the Complaint, Summons,

Case Information Statement, and Track Assignment Notice are appended hereto as Exhibit A. To Continental's knowledge, the attached Complaint, Summons, Case Information Statement, and Track Assignment Notice constitute the entire record in the file of the Superior Court of New Jersey in this matter.

2.     Continental was served with the Complaint on September 8, 2010.

3.     This Notice of Removal is being filed within 30 days of Continental's receipt of the Summons and Complaint and is, therefore, timely under 28 U.S.C. § 1446(b).

4.     Plaintiff's Complaint should be removed to this Court on diversity grounds pursuant to 28 U.S.C. § 1441.

5.     Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees on purported claims of employment discrimination and retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., and of wrongful discharge and battery under common law.  As such, the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.     Plaintiff resides at 308 Westfield Avenue, Clark, New Jersey.  (Compl., introductory paragraph.)

7.     Continental is a corporation incorporated in Delaware with its principal place of business at 1600 Smith Street, Houston, Texas 77002.

8.     Defendant William Gordon resides in Chappaqua, New York.

9.     The parties are, therefore, completely diverse.

10.    To Continental's knowledge, Mr. Gordon has not been served with the Complaint.

11.    Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2

12.    Because this matter is pending in Union County, which is embraced by this Court, it may properly be removed to this Court pursuant to 28 U.S.C. § 1441.

13.    Continental reserves all defenses to the complaint.

14.    Copies of this Notice of Removal are simultaneously being served upon counsel for plaintiff and the Clerk of the Superior Court of New Jersey, Law Division, Union County, from which this matter is removed.

WHEREFORE, Continental prays that this action proceed in this Court as an action properly removed hereto.

/s/ Rosemary J. Bruno
Rosemary J. Bruno
BUCHANAN INGERSOLL & ROONEY PC
550 Broad Street, Suite 810
Newark, New Jersey
(973) 273-9800
Attorneys for Defendant
  Continental Airlines, Inc.

Dated: October 5, 2010

## CERTIFICATE OF SERVICE

On this date, I caused a copy of the foregoing Notice of Removal to be served by

overnight delivery upon:

>           Colin M. Page, Esq.
>           Colin M. Page, LLC
>           2001 Route 46, Suite 310
>           Parsippany, New Jersey 07054
>           Attorney for Plaintiff

>                    and

>           Clerk, Superior Court of New Jersey
>           Law Division - Union County
>           2 Broad Street, Room 107
>           Elizabeth, New Jersey  07207

On this date, I caused a copy of the accompanying Fed. R. Civ. P. 7.1 Statement to be

served by overnight delivery upon:

>           Colin M. Page, Esq.
>           Colin M. Page, LLC
>           2001 Route 46, Suite 310
>           Parsippany, New Jersey 07054
>           Attorney for Plaintiff

>                                   /s/ Rosemary J. Bruno
>                                   Rosemary J. Bruno

Newark, New Jersey
October 5, 2010

4

# EXHIBIT A

Colin M. Page, LLC
2001 Route 46, Suite 310
Parsippany, New Jersey 07054
T: 973-331-5463, M: 201-572-0123
F: 973-402-8912, colin@page-employment-law.com
Attorneys for Plaintiff

**FEE ATTACHED**
CH NO. 161

Page    M.O.    C.C.

CHECK # ... PTR 1106
AMOUNT $ 200

**RECEIVED / FILED**
Superior Court of New Jersey

AUG 2 3 2010

CIVIL CASE MANAGEMENT
UNION COUNTY

| | |
|---|---|
| Lesley Kuzma<br><br>Plaintiff<br><br>v.<br><br>Continental Airlines Inc. and William Gordon<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – UNION COUNTY<br><br>Docket No. UNN-L- 3319-10<br><br>Civil Action<br><br>**COMPLAINT** |

1.   The Plaintiff, Lesley Kuzma ("Kuzma"), residing at 308 Westfield Avenue in the town of

     Clark and the county of Union, New Jersey states by way of Complaint against the

     Defendants, Continental Airlines, Inc. ("Continental") and William Gordon ("Gordon"):

**FACTUAL ALLEGATIONS**

2.   Kuzma worked as a flight attendant for Continental Airlines, Inc.

3.   On June 4, 2010, Kuzma was subjected to extreme sexual harassment by William

     Gordon, the captain of a flight that she was working.

4.   When entering the cabin, Kuzma asked the Captain and co-pilot whether they were

     packing – a reference to whether they had fire-arms in their possession.

5.   Gordon responded by saying "well, no I'm not packing any guns, but I sure am

     packing." Kuzma understood this comment to be a thinly veiled reference to the size of

     Gordon's genitalia.

1

**COMPUTER**

AUG 2 4 2010

**SECTION**

6. Kuzma ignored Gordon and tried to continue her duties by asking the pilots if they needed anything else before she left.

7. Gordon replied "I could use a bag of a million dollars and a back rub."

8. When Kuzma responded "sorry, no," Gordon said, "okay, how about a blow job."

9. Kuzma then turned to leave and when she did so, Gordon spanked her hard on the buttocks.

10. Kuzma confronted Gordon and told him "don't ever do that to me again."

11. Kuzma was extremely traumatized and distraught over this event.

12. When her fiancé came to pick her up at the airport after her flight she broke into tears and had great difficulty sleeping that night.

13. Kuzma called out from work the following day because she had hardly slept and was still distraught over her treatment by Gordon.

14. On Monday, June 7, 2010 Kuzma reported Gordon's misconduct to Inflight Supervisor Chad Coady.

15. Later that day, Kuzma followed up with an e-mail detailing the harassment by Gordon that was sent to Coady, and her direct supervisor, Alayna Stephens, Inflight Supervisor.

16. On Wednesday, June 9, Kuzma called Stephens to follow up on her sex harassment complaint.

17. Stephens claimed that she did not receive Kuzma's June 7, 2010 e-mail. Nevertheless, Stephens told Kuzma that the complaint had been brought to the proper personnel and would be taken care of.

18. Stephens then stated that Kuzma would have to come to a mandatory meeting on June 11, 2010 to discuss her attendance.

19. Kuzma had missed work previously due to her chronic asthma condition.

20. Continental had previously given Kuzma warnings regarding her missing work because of her chronic asthma.

21. On Friday, June 11, 2010, Kuzma asked Stephens about the status of her harassment complaint. Stephens claimed that she had not yet received a copy of Kuzma's e-mail.

22. Kuzma then handed Stephens a printed copy of her June 7, 2010 e-mail.

23. Stephens assured Kuzma that she would take care of Kuzma's harassment complaint.

24. On Wednesday, June 16, 2010, Kuzma met with Stephens who informed her that she was being terminated because of her attendance. Stephens informed Kuzma that the final event precipitating her termination was the day she called out after being harassed by Gordon.

25. When Kuzma asked Stephens what was being done about her complaint of harassment, Stephens said "it's being taken care of."

26. The next day, June 17, 2010, Kuzma was contacted by Mary Sturchio who claimed that she would be investigating Kuzma's complaint of harassment.

27. Kuzma's termination was contested by the Union representing the flight attendants.

28. On or about July 16, 2010, the Union and Ms. Kuzma met with Shirley Minn, Senior Director of Inflight Services.

29. In her letter dated July 16, 2010, Minn acknowledged that Kuzma's last call-out was due to the "emotional duress related to the harassment she received while at work" but

3

claimed that her "harassment charge filed with HR had absolutely nothing to do with the termination of [her] employment."

30.    Minn upheld Kuzma's termination.

## CLAIM ONE – BATTERY

31.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

32.    Defendants intentionally subjected Plaintiff to an offensive and unwelcome touching.

33.    Defendants' conduct was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

34.    Defendants caused Plaintiff to suffer emotional harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendant and seeks damages for emotional distress damages, punitive damages, interest, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

## CLAIM TWO – HOSTILE WORK ENVIRONMENT (SEX)

35.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

36.    Defendants created a sexually hostile work environment in violation of the New Jersey Law Against Discrimination ("NJLAD").

37.    Defendants' harassment of Plaintiff was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

38.    Defendant has caused Plaintiff to suffer economic, physical and emotional harm.

4

WHEREFORE, Plaintiff demands judgment against the Defendant and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

## CLAIM THREE – FAILURE TO ACCOMMODATE HANDICAP

39.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

40.    Plaintiff claims that she has a handicap – chronic asthma – that requires reasonable accommodation in order for her to perform the essential functions of her job.

41.    Defendant Continental failed to accommodate Plaintiff's handicap in violation of the NJLAD.

42.    Defendant's disparate treatment of Plaintiff was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

43.    Defendant caused Plaintiff to suffer economic, physical and emotional harm.

WHEREFORE, Plaintiff demands judgment against Defendant Continental and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

5

## CLAIM FOUR – RETALIATION

44.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

45.    Plaintiff claims that Defendant Continental retaliated against her for reporting sexual harassment in violation of the NJLAD.

46.    Defendant's retaliation against Plaintiff was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

47.    Defendant has caused Plaintiff to suffer economic, physical and emotional harm.

WHEREFORE, Plaintiff demands judgment against Defendant Continental and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

## CLAIM FIVE – WRONGFUL DISCHARGE

48.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

49.    Plaintiff claims that Defendant Continental's termination of her due to an absence it caused by creating a sexually hostile working environment is wrongful and violates a clear mandate of public policy.

50.    Defendant's termination of Plaintiff was motivated by actual malice or was the result of a willful and wanton disregard for the harm to Plaintiff.

51.    Defendant has caused Plaintiff to suffer economic, physical and emotional harm.

6

**WHEREFORE**, Plaintiff demands judgment against Defendant Continental and seeks damages for back pay, front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

**COLIN M. PAGE, LLC**
Attorneys for Plaintiff

Date: 8/17/10

Colin M. Page

## DEMAND FOR TRIAL BY JURY

Plaintiff, Lesley Kuzma, demands a trial by jury on all issues.

**COLIN M. PAGE, LLC**
Attorneys for Plaintiff

Date: 8/17/10

Colin M. Page

## DESIGNATION OF TRIAL COUNSEL

Colin M. Page is hereby designated as trial counsel in this matter.

**COLIN M. PAGE, LLC**
Attorneys for Plaintiff

Date: 8/17/10

Colin M. Page

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Colin M. Page, certify as follows:

I am counsel for Plaintiff, Lesley Kuzma, in this matter. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined to this action.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

**COLIN M. PAGE, LLC**
Attorneys for Plaintiff

Date: 8/17/10

Colin M. Page

8

**Appendix XII-B1**

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Colin M. Page, Esq. | TELEPHONE NUMBER<br>(973) 331-5463 | COUNTY OF VENUE<br>Union |
|---|---|---|
| FIRM NAME (if applicable)<br>Colin M. Page, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>2001 Route 46, Suite 310<br>Parsippany, NJ 07054 | | DOCUMENT TYPE<br>Complaint<br>JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Lesley Kuzma | CAPTION<br>Kuzma v. Continental Airlines, Inc. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>618 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES  ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II - 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III - 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV – Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

#### Centrally Managed Litigation (Track IV)
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |
| 288 | Prudential Tort Litigation |

#### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category
☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH          NJ 07207

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4817
COURT HOURS

                    DATE:    AUGUST 24, 2010
                    RE:      KUZMA VS CONTINENTAL AIRLINES INC ET AL
                    DOCKET:  UNN L -003319 10

   THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

   DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS:  HON KATHRYN A. BROCK

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT: (908) 659-4823.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:

                              ATT: COLIN M. PAGE
                              COLIN M. PAGE
                              2001 RTE 46  STE 310
                              PARSIPPANY       NJ 07054-1315

JUTAN

Colin M. Page, LLC
2001 Route 46, Suite 310
Parsippany, New Jersey 07054
T: 973-331-5463, M: 201-572-0123
F: 973-402-8912, colin@page-employment-law.com
Attorneys for Plaintiff

| | |
|---|---|
| Lesley Kuzma,<br><br>               **Plaintiff**<br><br>      v.<br><br>Continental Airlines Inc. and  William Gordon<br><br>         **Defendants** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – UNION COUNTY<br><br>Docket No.  UNN-L-3319-10<br><br>Civil Action<br><br><br>         **SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  September 2, 2010

                                      Jennifer Perez
                              Acting Clerk of the Superior Court

NAME OF DEFENDANT TO BE SERVED:    Continental Airlines Inc.
ADDRESS OF DEFENDANT TO BE SERVED:    Corporation Trust Co.
                                                820 Bear Tavern Road, Trenton, NJ  08628